ORIGINAL



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.: 96-6902-CIV-MORENO
Magistrate Johnson

**THOMAS E. COLLETTE,** Individually and on
behalf of all others similarly situated,

      PLAINTIFF,

vs.

**MAI-KAI, INC.** d/b/a the **MAI-KAI RESTAURANT,**
a Florida Corporation,

      DEFENDANT.

      :
      :
      :
      :
      :
      :
      :
      :
      :
      :

## SETTLEMENT AGREEMENT

Plaintiff, Thomas E. Collette (hereafter referred to as "Collette"), individually and on behalf of all persons with disabilities, and Defendant, the Mai-Kai, Inc., d/b/a the Mai-Kai Restaurant, a Florida Corporation (herein referred to as the "Mai-Kai"), hereby enter into the following Settlement Agreement.

WHEREAS, the "Americans with Disabilities Act of 1990" [herein referred to the "ADA"] was signed into law on July 26, 1990 and codified as 42 U.S.C. §§ 12101 et seq., in which, a person with a disability, or organizations representing persons with disabilities have civil rights under the "ADA" that mandate the elimination of access barriers that discriminate against them; and

WHEREAS, this Court has jurisdiction over this action; and

WHEREAS, a civil action for preventive relief, including an application for a permanent or temporary injunction was filed with this Court on August 7, 1996 [Case No.: 96-6902-Civ-Moreno/Johnson]; and

WHEREAS, the Defendant has agreed to eliminate these barriers that violated the "ADA"; and

WHEREAS, with the entering of this Agreement, the Plaintiff are satisfied that entering of this Agreement will minimize costs and litigation expenses, and would allow the Defendant to utilize its resources into making reasonable accommodations to the Mai-Kai so that disabled patrons can come to, enter and enjoy the amenities of said facility; and

WHEREAS, both the Plaintiff and Defendant wish to reach a just resolution of the aforementioned dispute, and reach a full, equitable and final settlement of all matters arising out of the aforementioned Complaint; and

WHEREAS, both parties in the spirit of cooperation, good faith and conciliation, seek to resolve their dispute amicably and avoid the necessity and cost of protracted litigation.

NOW THEREFORE, in consideration of the foregoing, the Parties HEREBY AGREE AND STIPULATE AS FOLLOWS:

**A.**    **Defendant**, without admitting to any violation of Florida Statute § 413 and/or Title III of the Americans with Disabilities Act, agree to take such affirmative action

-2-

as may be necessary to assure the elimination of discriminatory practices and in

the prevention of their occurrence in the future, including, but not limited to the

following:

(a)     Agree to the terms of this Agreement.

(b)     Request the Court dismiss this action and enforce the terms and
conditions of this Agreement.

(c)     Agree to construct and properly mark within sixty-days, two (2)
disabled parking spaces and properly marked rampage for wheelchair access
to the Mai-Kai.

(d)     Agree to add proper signage within sixty-days, at the Mai-Kai,
regarding the disability services and accommodations available at the Mai-
Kai.

(e)     Agree to construct, properly mark and rail a ramp, within one-hundred
and eighty (180) days, to the lower seating and garden areas, at the Mai-Kai
for access and use by persons with a disability.

(f)     Agree to hold certain wheelchair accessible seats until all other seats
have been reserved for shows and/or dinner at the Mai-Kai.

(g)     Agree to review and modify policies at the Mai-Kai, within sixty-days,
to ensure that effective communication(s) with people with disabilities are as
effective as communications with others.

(h)     Agree to implement within sixty-days, a sensitivity and disability
awareness orientation for all essential personnel at the Mai-Kai.

(i)     Agree to alter and construct a handicapped unisex restroom within
one-hundred and eighty (180) days, at the Mai-Kai to be made accessible
and useable by a patrons with a disability.

(j)     Agree to construct, properly mark and rail a ramp, within one-hundred
eighty-days, to the West entrance of the convention and meeting areas, at
the Mai-Kai for access and use by persons with a disability.

(k)     Agree to prepare and maintain, within sixty-days, a current list of

items available for sale in the gift shop for use by persons with a disability. The Mai-Kai shall make personnel available to bring items from the gift shop to a patron with disabilities upon their request.

(l)      Agree to pay the Plaintiff attorneys' fees, costs and expenses of this suit, which is discussed in a separate side-letter between the parties.

**B.**    **Plaintiff**, without waiving any of their rights, agree to do the following:

(a)      Agree to the terms of this Agreement.

(b)      Request the Court dismiss this action and enforce the terms and conditions of this Agreement.

## DISCLAIMERS

This agreement is not nor is it to be construed as a Consent Decree and does not operate as an adjudication upon the merits of the litigation.  Any actions taken or to be taken by the Defendant, hereunder are not admissions of liability on their part, but are undertaken in the spirit of compromise.  Similarly, any actions taken or to be taken by the Plaintiff, herein are not to be construed as a waiver or abandonment of any claim, right, remedy or privilege on their part, but are also undertaken in the spirit of compromise.

## JURISDICTION, ENFORCEMENT & REMEDIES

The parties hereby agree to submit this Settlement Agreement to the Court for its approval and request the Court to enter a Final Order of Dismissal as to all claims in the form attached hereto as Exhibit "A",  including provisions for retention of jurisdiction by the Court and for incorporation of the terms of this Agreement into the Order of Dismissal thereby giving the Court ancillary jurisdiction

-4-

to enforce this Agreement. In the event the United States District Court does not incorporate the terms and conditions of this Agreement in its Order, and retain ancillary jurisdiction over this Agreement, then this Agreement shall be null and void.

Furthermore, it is the intention of all parties, and it is hereby agreed to, that this United States District Court shall also reserve jurisdiction to consider applications for costs, attorneys' fees, and expenses of suit incurred herein, and other and such other further relief at law or in equity to which Plaintiff or Defendant may be justly entitled. In the event the United States District Court does not reserve jurisdiction, as above stated, then this Agreement shall be null and void.

The parties to this Agreement acknowledge and warrant that they have entered into it voluntarily and of their own accord. This Agreement contains and constitutes the entire understanding and agreement of the parties respecting the subject matter hereof, and there are no other promises, covenants, warranties, representations of whatever name or nature whether written or oral, that are part of this Agreement, except for the "Letter of Agreement Between the Parties" relating to the payment of compensation for Plaintiff' counsel costs and fees.

The parties state that they have carefully read this Agreement, are aware of its contents, and freely and voluntarily agree to all of its terms and conditions. Each party warrants it has obtained and utilized the advice of counsel with respect

-5-

COLLETTE v. MAI-KAI
96-6902-CIV-MORENO/JOHNSON

to this agreement.

**IN WITNESS WHEREOF**, the undersigned parties set their respective hands to the

Settlement Agreement, having read and fully understood the foregoing document.

**DATED** this 19 day of **May, 1997**.

**Plaintiff Signatures:**

**Thomas E. Collette**

By: _Thomas Collette by Michael Fox_
     Thomas E. Collette          w/ permission

**Defendant Signature:**

**The Mai-Kai, Inc.,** d/b/a the **Mai-Kai Restaurant**

By: _____     * See attached
       Dave Levy, as Owner/General Manager          approval

-6-

to this agreement.

IN WITNESS WHEREOF, the undersigned parties set their respective hands to the Settlement Agreement, having read and fully understood the foregoing document.

DATED this ___ day of May, 1997.

Thomas E. Collette

By: _____
        Thomas E. Collette


The Mai-Kai, Inc., d/b/a the Mai-Kai Restaurant

By: _____
        Dave Levy, as Owner/General Manager

**EXHIBIT "A"**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.: 96-6902-CIV-MORENO
Magistrate Johnson

**THOMAS E. COLLETTE,** Individually and on
behalf of all others similarly situated,

    PLAINTIFF,

vs.

**MAI-KAI, INC.** d/b/a the **MAI-KAI RESTAURANT,**
a Florida Corporation,

_____DEFENDANT._____

## ORDER OF DISMISSAL AS TO ALL CLAIMS

THIS CAUSE having come before the Court upon the parties joint motion for

approval of settlement and dismissal of the action pursuant to F.R.C.P. 41(a)(2)

and the court after careful review of the record and being fully advised in the

premises finds that the terms and conditions as contained in the Settlement

Agreement of the parties are just and proper.   Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1.     The Settlement Agreement of the parties shall be and the same is hereby

approved and incorporated by reference into this Order (attached).

2.     This Court retains jurisdiction to enforce the terms and conditions of the

Settlement Agreement as well as to consider applications for costs, attorneys fees

and such other further relief at law or in equity to which plaintiff or defendant may

be entitled.

3.     Pursuant to Federal Rule of Civil Procedure, Rule 41(a)(2), This action is

hereby dismissed, without prejudice.

DONE AND ORDERED in chambers at Miami, Dade County, Florida

this ___ day of May, 1997.

_____
FREDERICO A. MORENO
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: counsels of record:

MICHAEL F. LANHAM, Esquire
Florida Bar No.: 0935824
Attorney for Plaintiff
Biscayne Building, Suite #1102
19 West Flagler Street
Miami, Florida 33130
(305) 358-7646
Fax: (305) 358-8749

G. WARE CORNELL, Jr., Esquire
Florida Bar No.: 0203920
Attorney for Defendant
P.O. Box 14633
Fort Lauderdale, Florida 33302
(954) 524-2703
Fax: (954) 524-2706

-2-